**NATIONAL LABOR RELATIONS BOARD v. KELCO CORP.**

No. 5985.

United States Court of Appeals Fourth Circuit.

Argued Jan. 8, 1952.

Decided Jan. 9, 1952.

ployees except two, Ruth and Popiolek; and member Reynolds thought that they also should have been eliminated. At the bar of this court counsel for the Board consented to the elimination of Ruth; and, upon consideration of the record, we think that Popiolek should be eliminated. He was unquestionably engaged in acts of intimidation of such character that his re-employment should not have been ordered.

The order of the Board will be modified by eliminating therefrom sections 2 (a) and 2 (b) relating to reinstatement and back pay; and, as so modified, the order of the Board will be enforced.

Modified and enforced.

David C. Sachs, Chief Law Officer, Region 5, National Labor Relations Board, Washington, D. C. (George J. Bott, Gen. Counsel, David P. Findling, Associate Gen. Counsel, A. Norman, Somers, Asst. Gen. Counsel, and Dominick L. Manoli, Atty., National Labor Relations Board, Washington, D. C., on the brief), for petitioner.

Edward L. Rich, Jr., Baltimore, Md., for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is a petition to enforce an order of the National Labor Relations Board directing the Kelco Corporation to cease and desist from certain unfair labor practices and to restore with back pay employees found to have been discriminatorily discharged. The case was before us in 1949, when we remanded it to the Board for the purpose of taking additional evidence with respect to the discharge of certain of the employees. See 4 Cir., 178 F.2d 578. On the remand, an agreement was reached as to the reinstatement and back pay of all the employees named in the order except five, and reinstatement was denied by the Board to three of these. The reinstatement and back pay provisions of the order were thereupon amended to eliminate therefrom the names of all em-